# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JULIUS M. ENGEL, BAR NO. 8057.

No. 71001

FILED

NOV 10 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER IMPOSING RECIPROCAL DISCIPLINE*

This is a petition for reciprocal discipline of attorney Julius Engel pursuant to SCR 114. Engel commingled client and personal funds in his client trust account as he did not maintain records to distinguish one client's money from another client's money, and he wrote 126 checks and allowed 8 automatic payments from his trust account for personal and business expenses. He also agreed to represent Belinda Calvin in a bankruptcy action and accepted $1,500 from her, but never filed a bankruptcy petition on her behalf and refused her request for a refund. Further, Engel accepted $1,750 from Carmen Fountaine and filed a bankruptcy petition on her behalf but never notified her of the need to pay the filing fee, which resulted in the bankruptcy petition being dismissed. Additionally, in his representation of two separate criminal defendants, he accepted payment from the defendants' relatives without first obtaining written consent to do so from the defendants. In considering this misconduct, the California Bar Court's Review Department concluded that Engel's multiple acts of misconduct, significant harm to Fountaine, and failure to accept responsibility were aggravating factors, but that his lack of prior discipline and his good character were mitigating factors.

The California Supreme Court suspended Engel for two years, with all but the first six months of that suspension stayed, and placed him

16-35193

on probation for the duration of the stayed suspension. Engel was also required to pay Calvin restitution, submit quarterly reports and a final report during his probation, complete and pass the State Bar's Ethics School, complete and pass the State Bar's Client Trust Accounting School, and pass the Multistate Professional Responsibility Examination. Engel self-reported his California suspension to the State Bar of Nevada.

SCR 114(4) provides that this court shall impose identical reciprocal discipline unless the attorney demonstrates, or this court finds, that one of four exceptions applies. We conclude that none of the four exceptions is present in this case. By commingling personal funds in his client trust account and failing to promptly refund Calvin his unearned fees, Engel violated RPC 1.15 (safe-keeping property). By failing to file Calvin's bankruptcy petition, he violated RPC 1.1 (competence). By failing to inform Fountaine of the need to pay her filing fee, Engel violated RPC 1.4 (communication). Lastly, by failing to obtain written consent from two criminal defendants to accept payment from their family members, he violated RPC 1.8 (conflict of interest: current clients). Thus, we grant the petition for reciprocal discipline.

Accordingly, attorney Julius Engel is hereby suspended from the practice of law in the State of Nevada, commencing from the date of this order, for two years, with all but the first six months of that term stayed. During Engel's two-year suspension, he must (1) comply with all Rules of Professional Conduct; (2) submit quarterly reports to the State Bar concerning whether he has complied with all Rules of Professional Conduct during the previous quarter; (3) complete a minimum of 6 CLE classes in the areas of ethics and law practice management, in addition to the CLE hours he is ordinarily required to complete; and (4) pass the

Multistate Professional Responsibility Examination. Engel and the State Bar shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

cc:     C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
        Julius M. Engel
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, United States Supreme Court